[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR CUSTODY (Nos. 116.00 and 122.00)
This case comes to this court on a motion for custody filed by the father dated August 27, 1991. In that motion, number 116, the father seeks custody of the minor children from the mother.
A motion for custody was filed by the intervenor grandparents dated April 23, 1992, being on file as motion number 122.00. In that motion the grandparents ask for custody of the minor children. The children have resided with the grandparents since October of 1991.
This case came to the court where the father, the mother, the grandparents and Family Relations officer Karen Kutno testified. The court has taken into consideration Connecticut General Statutes 46b-56, the best interest of the child statute, and the court has taken into consideration Connecticut General Statutes 46b-57, which allows this court to give custody to third parties such as grandparents.
The court has also taken into consideration Connecticut General Statutes 46b-56b which raises a presumption as follows:
 In any dispute as to the custody of a minor child involving a parent and a nonparent, there shall be a presumption that it is in the best interest of the child to be in the custody of the parent, which presumption may be rebutted by showing that it would be detrimental to the child to permit the parent to have custody.
In this case the mother is the custodial parent and the father is the visiting parent. The Family Relations officer testified and her report was introduced as a full exhibit, which was Defendant's Exhibit 12. Her recommendation was that the children, Mark and Steven, remain in the custody of their maternal grandparents, Raymond and Marilyn Boos. The further recommendation was that each parent be granted rights of reasonable visitation to be worked out between the parties.
Mark was born August 15, 1983 and Steven was born June CT Page 7205 6, 1985. The dissolution of marriage of the parties was granted on April 3, 1991. At that time, sole custody was granted to the mother with rights of reasonable and flexible visitation granted to the father.
The Family Relations officer indicates the apartment that Mr. Sherman resides at, 125 Oakland Street, Stratford, Connecticut, is a bedroom in a three bedroom, third floor furnished apartment. Mr. Sherman shares the kitchen, living room and bathroom with two other adults who rent the remaining bedrooms. This court finds that this apartment is not suitable for the children.
The home of the grandparents is a ranch style home on a residential street. There is a family room, a game room, as well as a large pool in the backyard. There is sufficient room in the house for the boys to have their own bedrooms. Housekeeping standards and furnishings were found to be more than adequate. Both of the grandparents are retired and are at home full time. Both grandparents are surprisingly young. The grandfather retired at age 56. He is now 66 and in excellent health. His wife has had some health problems, but everything at present is under control.
The father was convicted in 1975 on a charge of child molestation and served two years in prison. The conviction stemmed from charges involving the five year old daughter of the girl friend with whom he then resided. He was further convicted in 1986 on federal charges of possession of a weapon. In his examination he admitted there was more than one gun but was not sure how many there were.
The mother testified concerning the physical violence inflicted on her by the father while they were married. The grandmother states she has difficulty getting along with the father due to his temper and propensity for being untruthful.
The children, as set forth in the report, are doing well living with their grandparents. They are now experiencing some stability in their lives. The children appear to have been in a home which was a volatile one. They presently are able to enjoy their childhood in a conflict-free setting and it appears to have been beneficial to them. It is also clear that their relationship is better with their father as a result of the stability of the grandparents' custodial situation.
The grandmother has a BS in education and a Master's in guidance counseling. The grandfather has a Bachelor of Science in industrial engineering. CT Page 7206
When asked by this court about the presumption under the statute, the Family Relations officer addressed that. In her opinion she felt it would be detrimental to the children to have the father or mother have custody. Since only the father was seeking custody, she felt it would be detrimental to the children if he was the custodian. She stated that the move alone would be substantially detrimental to them. She also had concerns about the physical and emotional condition of the father based on the past history of violence in the marriage and his criminal convictions.
The court finds that it is in the best interests of the children to accept the recommendation of the Family Relations officer. Accordingly, both physical and legal custody of the minor children, Mark and Steven, are awarded to the maternal grandparents, Raymond and Marilyn Boos of 2178 Nichols Avenue, Stratford, Connecticut 06497.
Both the mother and father may continue liberal and flexible visitation. The visitation should be reasonable and as arranged with the grandparents. The father shall give the grandparents at least 24 hours notice if he intends to exercise overnight visitation.
Accordingly, motion number 116.00 is denied and motion number 122.00 is granted.
EDWARD R. KARAZIN, JR., JUDGE